BARRY J. PORTMAN
Federal Public Defender
JOSH COHEN
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant RIVERA-EULOGIO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR-07-0402 PJH |
|---|---|
| Plaintiff, | ) DEFENDANT'S SENTENCING |
| | ) MEMORANDUM |
| v. | ) |
| | ) Sentencing Date: September 12, 2007 |
| DANIEL RIVERA-EULOGIO, | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

Defendant Daniel Rivera-Eulogio stands convicted by his guilty plea of a single count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He entered his plea pursuant to a plea agreement that calls for a sentence at the low end of the advisory sentencing range that applies to an offense level of 13 in the applicable criminal history category. For the reasons set forth herein, Mr. Rivera-Eulogio respectfully urges the Court to accept the plea agreement, find that the applicable criminal history category is IV, and impose a sentence of 24 months imprisonment and 3 years supervised release.

///

///

# DISCUSSION

According to the presentence report, Mr. Rivera-Eulogio has ten criminal history points, placing him in criminal history category V. *See* PSR ¶ 25.[1] One of these points is the result of a driving-without-a-license infraction in 2006. Without this point, Mr. Rivera-Eulogio's criminal history points would total nine, placing him in criminal history category IV.

Pursuant to section 4A1.2(c) of the Sentencing Guidelines, a conviction for driving without a license should not receive criminal history points unless the defendant was sentenced to at least thirty days imprisonment (or more than one year of probation). *See* U.S.S.G. § 4A1.2(c)(1). The commentary to this section makes clear that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." U.S.S.G. § 4A1.2 app. note 2; *see also United States v. Alvarez-Hernandez*, 478 F.3d 1060, 1065 (9th Cir. 2007).

Mr. Rivera-Eulogio was cited for driving without a license on February 14, 2006. *See* PSR ¶ 21. On February 16, 2006–just two days later–he appeared in municipal court and pled guilty to an infraction. *See id.* According to the probation officer, Mr. Rivera-Eulogio was then sentenced on the same day to thirty days in county jail with credit for thirty days time-served. *See id.* He was released from state custody that afternoon.

The sentence described by the probation officer is consistent with the minutes from Mr. Rivera-Eulogio's court appearance on February 16, 2006. *See Exhibit A*. However, the minute order appears to be mistaken. Since the offense conduct occurred just two days prior to imposition of sentence, the municipal court could not lawfully have awarded Mr. Rivera-Eulogio credit for thirty days of time served. It is more likely that the court gave Mr. Rivera-Eulogio credit for *three* days time served–the 14th, 15th, and 16th of February. Given that Mr. Rivera-

---

[1] The presentence report was disclosed to the parties (and the Court) on Friday, September 7, 2007. In light of this delayed disclosure, Mr. Rivera-Eulogio begs leave of the Court to submit this memorandum less than seven days in advance of sentencing, as required by the Local Rules.

1   Eulogio was released from state custody the same day that sentence was imposed, the sentence
2   must have been *three* days, not thirty days, in jail.
3       Alternatively, if the municipal court truly intended to give Mr. Rivera-Eulogio credit for
4   27 days that he did not serve–which does not appear to be permissible under California law–the
5   unmistakable implication of the court's sentence is that the court did not intend to impose any
6   time in custody.  As such, Mr. Rivera-Eulogio did not "actually serve[] a period of
7   imprisonment" on that sentence.  U.S.S.G. § 4A1.2 app. n.2.  At most, he was detained pending
8   his appearance, then released.
9       Either way, it is improper to assign criminal history points to the infraction described in
10  paragraph 21 of the presentence report.  If Mr. Rivera-Eulogio was sentenced to three days
11  imprisonment, the sentence was too short to receive points under § 4A1.2(c)(1).  If the sentence
12  was thirty days but the court did not intend for Mr. Rivera-Eulogio to serve it, it was not a
13  "sentence of imprisonment" for Guideline purposes.  Accordingly, Mr. Rivera-Eulogio's criminal
14  history points should total nine, not ten, resulting in a criminal history category of IV, not V.  *See*
15  PSR ¶ 25.
16      Yet even if the probation officer were correct about Mr. Rivera-Eulogio's raw criminal-
17  history score, placing Mr. Rivera-Eulogio in criminal history category V would overrepresent the
18  actual seriousness of his criminal past.  While Mr. Rivera-Eulogio was convicted of three
19  separate offenses between 1999 and 2001, *see* PSR ¶¶ 18-20, he sustained no further convictions
20  until the infraction described in paragraph 21.  Assigning even one criminal history point to this
21  infraction has the effect of bumping Mr. Rivera-Eulogio into a higher criminal history category,
22  adding a full six months to his sentence for illegal reentry.  Considering that Mr. Rivera-
23  Eulogio's serious criminal history was concentrated in a relatively short period of time several
24  years ago, he respectfully submits that placing him in the higher category on the basis of a later
25  unlicensed-driver infraction would overrepresent the seriousness of his criminal history
26  regardless of the sentence imposed.

CR-07-0402 PJH; DEF.'S SENTENCING
MEMO                                    3

1     Accordingly, Mr. Rivera-Eulogio respectfully submits that his criminal score should be nine, placing him in criminal history category IV. In the alternative, should the Court assign him ten points, he respectfully requests that the Court find that the resulting category overrepresents the seriousness of his criminal history and place him in category IV instead.

## CONCLUSION

For these reasons, Mr. Rivera-Eulogio urges the Court to find that he falls into criminal history category IV, and impose a sentence of 24 months in prison to be followed by 3 years supervised release. He further requests that the Court recommend that he be designated to a facility in northern California to facilitate family visits.

Dated: September 10, 2007

                Respectfully submitted,

                BARRY J. PORTMAN
                Federal Public Defender

                /s/

                JOSH COHEN
                Assistant Federal Public Defender